**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4931

REGINALD THURSTON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
James C. Fox, Senior District Judge.
(CR-96-43-F)

Submitted: April 27, 2001

Decided: June 20, 2001

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Yvonne V. Watford-McKinney, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Reginald Thurston appeals the district court's revocation of his supervised release term and the imposition of a twenty-four-month prison sentence. Finding no error, we affirm.

Thurston was convicted in 1997 of aiding and abetting credit card fraud, 18 U.S.C. §§ 2, 1029(a)(5) (1994), and sentenced to thirty-seven months imprisonment, followed by thirty-six months of supervised release. Thurston completed his term of imprisonment and began his term of supervised release on October 18, 1999.

On March 8, 2000, the Government filed a petition to revoke Thurston's supervised release based on his failure to report to his probation officer as required under the conditions of his supervised release. After a hearing in which Thurston testified and admitted to the violation, the district court found that Thurston had committed the violation alleged by the Government and revoked his supervised release.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (1994). Here, Thurston admitted to the violation alleged in the petition to revoke his supervised release. Accordingly, the district court did not abuse its discretion in revoking his supervised release.

Because Thurston's underlying conviction was for a Class C felony, the statutory maximum sentence upon revocation of his supervised release was two years incarceration. *Id.* Pursuant to *U.S. Sentencing Guidelines Manual* § 7B1.4(a) (1998), the imprisonment range for a defendant convicted of a Class C felony with a criminal

history Category V is seven to thirteen months. The Chapter 7 policy statements, however, are not binding. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). If the court has considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set out in the sentencing guidelines. *Id.* at 642-43. The transcript reveals that the district court considered the relevant factors and policy statements in imposing the sentence. *Id.* at 642.

Because Thurston's sentence does not exceed the statutory maximum under 18 U.S.C. § 3583(e), we review the sentence only to determine whether it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4) (1994). Given the facts of this case and the nature of Thurston's conduct, we cannot say that the twenty-four-month sentence imposed by the district court was plainly unreasonable. Therefore, we affirm the district court's order revoking Thurston's supervised release and imposing a twenty-four-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*